IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re:<br><br>CCS ASSET MANAGEMENT, INC.<br><br>                            Debtors.<br><br>CCS ASSET MANAGEMENT, INC.,<br><br>                            Plaintiff,<br><br>v.<br><br>JOHN HOBERMAN, SUSAN HOBERMAN, and STRATA TRUST COMPANY<br><br>                            Defendants. | Case No. 21-10355<br><br>Chapter 11<br><br><br><br>Adv. Pro. No. 21-_____ |

**DEBTOR'S ORIGINAL COMPLAINT**

CCS Asset Management, Inc., the debtor and debtor-in-possession in the above captioned bankruptcy case (the "Debtor"), and alleges, on information and belief, as follows:

**JURISDICTION AND VENUE**

1. This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising in or related to a case under title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (K), and (O).

3. Venue of the Debtor's bankruptcy case and this adversary proceeding is properly in this district pursuant to 28 U.S.C. § 1409(a).

**NATURE OF ACTION**

4. The Debtor seeks (a) judgment quieting title and decreeing that John Hoberman, Susan Hoberman (collectively, "Hoberman" or the "Hobermans") and/or Strata Trust Company

("Strata Trust") have no enforceable liens or other interest in the Debtor's real property located at 7400 Cameron Road, Austin, Texas (the "Cameron Road Property") pursuant to operation of Bankruptcy Code § 544(a), Bankruptcy Code § 1141(c), and/or Tex. Civ. Prac. & Rem. Code §§ 16.035 and 16.037 and (b) declaratory judgment that the Debtor has no obligation under (i) the notes issued by 4709 Incorporated to the Hobermans or related entities for the benefit of the Hobermans.

## PARTIES

5. The Debtor is the debtor-in-possession in the above-captioned bankruptcy case.

6. Defendant John Hoberman is an individual residing in the State of Texas. John Hoberman may be served pursuant to Bankruptcy Rule 7004(b) by mailing a copy of this Complaint and summons issued to him at 7801 Chimney Corners, Austin, TX, 78731, which is John Hoberman's usual place of abode and/or the place where John Hoberman regularly conducts a business.

7. Defendant Susan Hoberman is an individual residing in the State of Texas. Susan Hoberman may be served pursuant to Bankruptcy Rule 7004(b) by mailing a copy of this Complaint and summons issued to her at 7801 Chimney Corners, Austin, TX, 78731, which is Susan Hoberman's usual place of abode and/or the place where Susan Hoberman regularly conducts a business.

8. Defendant Strata Trust Company is a state trust company chartered by the Texas Department of Banking and is the surviving entity after a merger with Self Directed IRA Services, Inc. Strata Trust may be served pursuant to Bankruptcy Rule 7004(b) by mailing a copy of this Complaint and summons issued to its CEO, Kelli Click, at 600 Congress Avenue, Suite 600, Austin, Texas 78701.

**FACTUAL BACKGROUND**

**A. Bankruptcy and Procedural Background**

9. On May 3, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

10. The Debtor is managing the assets of the bankruptcy estate as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Court has not appointed any trustee, examiner, or any official committee in this case.

11. The Debtor's business comprises buying and selling real estate and renting units of the Cameron Road Property to commercial tenants.

**B. The Cameron Road Property**

12. On January 9, 2019, 4709 Incorporated executed a deed (the "Deed") to the Cameron Road Property, more specifically described as follows:

> Lot 2, Re-subdivision of Lot 11, Reagan Hill, a subdivision in Travis County, Texas, according to the map or plat thereof recorded in Volume 92, Page 65, of the Plat Records of Travis County, Texas

13. The Deed was recorded on January 11, 2018, as Document #2018005497 of the Official Public Records of Travis County. A true and correct copy of the Deed, as recorded, is attached as **Exhibit A** hereto.

14. The Deed of the Cameron Road Property was expressly subject to those certain deed of trust, extensions of maturity date, and transfer recorded as Document #2011137642, #2012004604, #2013019734, and #2015025866 of the Official Public Records of Travis County (collectively, the "POA Lien Documents"). As set out in the Deed, however, the Debtor did not assume the underlying payment obligations secured by the POA Lien Documents.

### C. Liens Asserted by Hoberman Against the Cameron Road Property

*i.) Lien Securing Pride of Austin Note*

15. The Hobermans assert that they have an enforceable lien securing the obligations under the note made by 4709 Incorporated and delivered to Pride of Austin High Yield Fund I, LLC ("Pride of Austin") dated September 9, 2011, in the original amount of $1,100,000 (the "POA Note") under to the POA Lien Documents.

16. A true and correct copy of the POA Note is attached hereto as **Exhibit B** hereto.

17. Document #2011137642 referenced in the Deed is the Deed of Trust, Security Agreement, and Assignment of Rents granted by 4709 Incorporated to or for the benefit of Pride of Austin for the Cameron Road Property and purporting to secure the obligations under the POA Note (the "POA Deed of Trust"). A true and correct copy of the POA Deed of Trust, as recorded, is attached as **Exhibit C** hereto.

18. Document #2012004604 referenced in the Deed is the Renewal and Extension Deed of Trust, Security Agreement, and Assignment of Rents, dated January 10, 2012, between Pride of Austin and 4709 Incorporated, extending the maturity date of the POA Note from October 1, 2012, to February 1, 2013 (the "January 2012 POA Extension Agreement"). A true and correct copy of the January 2012 POA Extension Agreement, as recorded, is attached as **Exhibit D** hereto.

19. Document #2013019734 referenced in the Deed is the Modification and Extension Agreement dated January 31, 2013, between Pride of Austin and 4709 Incorporated, extending the maturity date of the POA Note from February 1, 2013, to January 1, 2014 (the "January 2013 POA Extension Agreement"). A true and correct copy of the January 2013 POA Extension Agreement, as recorded, is attached as **Exhibit E** hereto.

20. Document #2015025866 referenced in the Deed is the Transfer of Note and Lien (and Other Rights) dated February 13, 2015, transferring the POA Note and POA Deed of Trust

from Pride of Austin to John Hoberman (the "POA Transfer"). A true and correct copy of the recorded transfer document, as recorded, is attached hereto as **Exhibit F** hereto (the "POA Transfer").

21. No written agreement extending the maturity date of the POA Note was signed and acknowledged by 4709 Incorporated at any time after the January 2013 POA Extension Agreement.

22. No written agreement extending the maturity date of the POA Note was filed for record in the Travis County Clerk's office at any time after the January 2013 POA Extension Agreement.

23. The maturity date of the POA Note, as extended, was January 1, 2014.

24. As of the Petition Date, the Hobermans had not (a) brought a suit for the recovery under or foreclosure of their asserted liens securing the POA Note or (b) held a sale of the collateral under the POA Deed of Trust.

   *ii.) Note Dated June 5, 2012*

25. The Hobermans also assert that they have an enforceable lien securing the obligations under the Real Estate Lien Note made by 4709 Incorporated and delivered to John and Susan Hoberman dated June 5, 2012, in the original amount of $150,000.00 (the "June 2012 Note").

26. A true and correct copy of the June 2012 Note is attached hereto as **Exhibit G**.

27. A true and correct copy of the Deed of Trust granted by 4709 Incorporated to or for the benefit of John and Susan Hoberman for the Cameron Road Property and purporting to secure the obligations under the June 2012 Note (the "June 2012 Note Deed of Trust"), as recorded as Document #2012173363 of the Official Public Records of Travis County, is attached as **Exhibit H** hereto.

28. No written agreement extending the maturity date of the June 2012 Note was signed and acknowledged by 4709 Incorporated.

29. No written agreement extending the maturity date of the June 2012 Note was ever filed for record in the Travis County Clerk's office.

30. The maturity date of the June 2012 Note was June 5, 2014.

31. As of the Petition Date, the Hobermans had not (a) brought a suit for the recovery under or foreclosure of their asserted liens securing the POA Note or (b) held a sale of the collateral under the June 2012 Note Deed of Trust.

*iii.)* <u>Note Dated September 5, 2013</u>

32. The Hobermans further assert that they have an enforceable lien securing the obligations under the Loan Agreement entered into by 4709 Incorporated and Self Directed IRA Services Inc. Custodian FBO John Hoberman IRA 201314763 (the "<u>Hoberman IRA</u>") dated September 5, 2013, memorializing the obligations of 4709 Incorporated to the Hoberman IRA for the loan extended by the Hoberman IRA to 4709 Incorporated in the amount of $100,000.00 (the "<u>September 2013 Note</u>").

33. The Hoberman IRA merged with Strata Trust on or about September 1, 2017. A true and correct copy of the Certificate of Merger field in the Office of the Secretary of State of Texas is attached as **<u>Exhibit I</u>** hereto.

34. Although the Hoberman IRA is the party indicated on the September 2013 Note, and Strata Trust is the successor to the Hoberman IRA, the Hobermans are the real parties in interest with respect to the September 2013 Note and any liens securing the obligations of 4709 Incorporated thereunder.

35. A true and correct copy of the September 2013 Note is attached as **<u>Exhibit J</u>** hereto.

36. A true and correct copy of the Deed of Trust granted by 4709 Incorporated to or for the benefit of the Hoberman IRA to the Cameron Road Property and purporting to secure the obligations under the September 2013 Note (the "September 2013 Note Deed of Trust"), as recorded as Document #2013166967 of the Official Public Records of Travis County, is attached as **Exhibit K** hereto.

37. No written agreement extending the maturity date of the September 2013 Note was ever signed and acknowledged by 4709 Incorporated.

38. No written agreement extending the maturity date of the September 2013 Note was ever filed for record in the Travis County Clerk's office.

39. The maturity date of the September 2013 Note was September 5, 2016.

40. As of the Petition Date, the Hobermans had not (a) brought a suit for the recovery under or foreclosure of their asserted liens securing the September 2013 Note or (b) held a sale of the collateral under the September 2013 Note Deed of Trust.

**D. 4709 Incorporated's 2014 Chapter 11 Bankruptcy Case**

41. On March 3, 2014, after 4709 Incorporated made and delivered the POA Note, June 2012 Note, and September 2013 Note, but before 4709 Incorporated grade the Deed to the Debtor, 4709 Incorporated filed a petition for chapter 11 bankruptcy protection, commencing case 14-10340-tmd before the United States Bankruptcy Court for the Western District of Texas (the "2014 Bankruptcy Case").

42. Both Pride of Austin and John Hoberman filed proofs of claim in the 2014 Bankruptcy Case asserting secured claims therein.

43. John Hoberman further participated in the 2014 Bankruptcy Case, including acquiring Pride of Austin's claim and taking an active role in the formulation of a plan of reorganization in that case.

44. The U.S. Bankruptcy Court for the Western District of Texas confirmed a plan of reorganization in the 2014 Bankruptcy Case on November 9, 2015 (the "4709 Incorporated Plan").

45. The 4709 Incorporated Plan became effective on December 8, 2015, according to the its terms.

46. A true and correct copy of the Court's order confirming the 4709 Incorporated Plan is attached as **Exhibit L** hereto.

47. Under the 4709 Incorporated Plan, 4709 Incorporated was obligated to deliver a deed transferring ownership of the Cameron Road Property to John Hoberman.

48. In the event of a default, claimants, including the Hobermans, could enforce the 4709 Incorporated Plan as a contract.

49. The Hobermans have taken no action to enforce the 4709 Incorporated Plan against 4709 Incorporated, or any other party, as of the Petition Date.

50. More than four years elapsed from the effective date of the 4709 Incorporated Plan became effective and the Petition Date.

51. More than four years have elapsed since the 2014 Bankruptcy Case was dismissed and the Petition Date.

52. The 4709 Incorporated Plan did not provide that the liens asserted by the Hobermans against the Cameron Road Property would be retained.

53. The 4709 Incorporated Plan provided that the Cameron Road Property would be free and clear of all liens except for the liens of tax authorities.

54. The 4709 Incorporated Plan did not provide for the liquidation of all or substantially all of the property of the 4709 Incorporated's bankruptcy estate.

55. 4709 Incorporated continued to engage in business after consummation of the 4709 Incorporated Plan.

**COUNT ONE**

*Quiet Title and Judgement Decreeing that the Hobermans
Have no Enforceable Interest in the Cameron Road Property*

56. The Debtor repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

57. The Debtor has an interest in the Cameron Road Property pursuant to the Deed.

58. The Deed has not been rescinded or set aside pursuant to the order of any court.

59. The Hobermans' claims to enforceable liens against the Cameron Road Property securing the POA Note, the June 2012 Note, and the September 2013 Note affect the Debtor's title. The asserted liens appear on their face to be superior to the Debtor's title and are thus a cloud on the Debtor's title.

60. Although the Hobermans' claimed liens are facially valid, they are unenforceable and void by operating of Tex. Civ. Prac. & Rem. Code § 16.035 because more than four (4) years has passed since the maturity date occurred under each the notes and, as of the Petition Date, there was no agreement that was (a) signed and acknowledged by 4709 Incorporated and (b) filed for record with the Travis County Clerk.

61. Any extension agreement from 4709 Incorporated that was not acknowledged, filed, and recorded before the Petition Date is void with respect to the Debtor as debtor-in-possession pursuant to Bankruptcy Code § 544(a), which provides that debtors-in-possession have rights and powers of a lien creditor and bona fide purchaser of real property under applicable state

9

law, and Tex. Civ. Prac. & Rem. Code § 16.037, which provides that an extension agreement is void as to a bona fide purchaser for value or a lienholder without actual notice of the agreement and before the agreement is acknowledged, filed, and recorded.

62. The Hobermans' claimed liens are also unenforceable and void because, under Bankruptcy Code § 1141(c), the Cameron Road Property was vested in the 4709 Incorporated free and clear of all claims and interests, including Hobermans liens. The Cameron Road Property was expressly dealt with in the 4709 Incorporated Plan and both the Hobermans and Pride of Austin filed proofs of claim and actively participated in the 2014 Bankruptcy Case.

63. Any rights of the Hobermans to enforce the 4709 Incorporated Plan as a contract, including seeking specific performance thereof were unenforceable and void as of the Petition Date because the four (4) year statute of limitations under Tex. Civ. Prac. & Rem. Code § 16.004(a)(1) to bring suit for the specific performance of a contract for the conveyance of real property. Further, the Hobermans' rights, if they existed, would be against 4709 Incorporated.

64. Based upon the foregoing, the Debtor seeks entry of judgment quieting title and ruling that that the Hobermans have no enforceable lien or other interest in the Cameron Road Property.

## COUNT TWO

*Declaratory Judgment that the Debtor Has No Obligation*
*Under the Notes Made by 4709 Incorporated Held by the Hobermans*

65. Debtor repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

66. The POA Note was issued by 4709 Incorporated to Pride of Austin. The obligations to perform under the POA Note, if any, are obligations of 4709 Incorporated.

67. Although the Debtor took the Deed subject to the POA Lien Documents, the Deed expressly stated that the Debtor did not assume the underlying liability.

68. The maturity date of the POA Note, as extended, was January 1, 2014. The statue of limitations to bring an action to enforce payment under the POA Note was January 1, 2020, pursuant Tex. Bus. & Com. Code § 3.118.

69. The June 2012 Note was issued by 4709 Incorporated to the Hobermans. The obligations under the June 2012, if any, are obligations of 4709 Incorporated.

70. The maturity date of the June 2012 Note was June 5, 2014. The statute of limitations to bring an action to enforce payment under the June 2012 Note was June 5, 2020.

71. The September 2013 Note was issued by 4709 Incorporated to the Hoberman IRA for the benefit of the Hobermans. The obligations under the September 2013 Note, if any, are obligations of 4709 Incorporated.

72. The confirmation and effective date of the 4709 Incorporated Plan, effectuated a discharge of 4709 Incorporated's obligations under the POA Note, June 2012 Note, and September 2013 Note.

73. Based upon the foregoing, declaratory judgment decreeing that the Debtor has no obligations under the POA Note, June 2012 Note, or September 2013 Note is appropriate and should be issued by the Court.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that judgment be entered (a) quieting title with respect to the Hobermans' asserted liens and decreeing that the Hobermans Strata Trust have no lien or other interest in the Cameron Road Property, (b) declaratory judgment

11

decreeing that the Debtor has no obligations under the POA Note, June 2012 Note, or September 2013 Note, and (c) any other relief that the Court deems just and equitable.

Dated: July 6, 2021

Respectfully submitted,

PARKINS LEE & RUBIO LLP

*/s/R. J. Shannon*
R. J. Shannon (TBA No. 24108062)
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
Telephone: 713-715-1664
Email: rshannon@parkinslee.com

*Proposed Attorneys for the Debtor*