IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In Re: | § |
| | § CASE NO. 21-10355-tmd |
| CCS ASSET MANAGEMENT, INC., | § |
| Debtor | § CHAPTER 11 |
| | § |
| | § |
| CCS ASSET MANAGEMENT, INC., | § ADV. PROC. NO. 21-10130-tmd |
| Plaintiff | § |
| | § |
| v. | § |
| | § |
| JOHN HOBERMAN AND | § |
| SUSAN HOBERMAN, ET AL., | § |
| Defendants | § |

## DEFENDANTS, JOHN HOBERMAN AND SUSAN HOBERMAN'S ANSWER TO DEBTOR'S ORIGINAL COMPLAINT AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME JOHN HOBERMAN AND SUSAN HOBERMAN, Defendants in the above-entitled and numbered cause, and, without waiving their right to seek remand or abstention, file this, their Original Answer replying to Debtor's Original Complaint, and for same would show unto the Court the following:

1. Defendants admit the allegations of paragraph 1 of the Debtor's Original Complaint to the extent it alleges that this court has original, non-exclusive jurisdiction over this matter, but asserts that this court should deny the exercise of jurisdiction.

2. Defendants admit the allegations of paragraph 2 of the Debtor's Original Complaint.

3. Defendants admit the allegations of paragraph 3 of the Debtor's Original Complaint.

4. Paragraph 4 contains a statement of Debtor's requested relief and need not be admitted or denied. To the extent of any factual allegations, Defendants deny the allegations of paragraph 4 of the Debtor's Original Complaint and deny that Debtor is entitled to the relief requested.

5. Defendants admit the allegations of paragraph 5 of the Debtor's Original Complaint.

6. Defendants admit the allegations of paragraph 6 of the Debtor's Original Complaint.

7. Defendants admit the allegations in paragraph 7 of the Debtor's Original Complaint.

8. Defendants are without sufficient information to admit or deny the allegations of paragraph 8 of the Debtor's Original Complaint.

9. Defendants admit the allegations of paragraph 9 of the Debtor's Original Complaint.

10. Defendants admit the allegations in paragraph 10 of the Complaint.

11. Defendants are without sufficient information to admit or deny the allegations of paragraph 11 of the Debtor's Original Complaint.

12. Defendants deny that the deed was executed on January 9, 2019. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 12 of the Debtor's Original Complaint.

13. Defendants admit the allegations of paragraph 13 of the Debtor's Original Complaint.

14. Defendants admit that Debtor's deed was expressly subject to deed of trust of record and for Defendants' benefit. Defendants deny Debtor did not assume the underlying payment obligations secured by the lien documents. In fact, the Debtor's deed on its face is expressly subject to Debtors assumption of the obligations and provides:

> "But it is expressly agreed that the VENDOR'S LIEN, as well as the Superior Title in and to the above described premises, is retained against the above described property, premises and improvements until the above described note and all

2

interests thereon is fully paid according to the face, tenor, effect and reading thereof, when this deed shall become absolute."

15. Defendants admit the allegations of paragraph 15 of the Debtor's Original Complaint.

16. Defendants admit the allegations of paragraph 16 of the Debtor's Original Complaint.

17. Defendants admit the allegations of paragraph 17 of the Debtor's Original Complaint.

18. Defendants admit the allegations of paragraph 18 of the Debtor's Original Complaint.

19. Defendants admit the allegations of paragraph 19 of the Debtor's Original Complaint.

20. Defendants admit the allegations of paragraph 20 of the Debtor's Original Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Debtor's Original Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Debtor's Original Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Debtor's Original Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Debtor's Original Complaint that no suit was brought, but admit that no sale was conducted.

25. Defendants admit the allegations contained in paragraph 25 of the Debtor's Original Complaint.

26. Defendants admit the allegations contained in paragraph 26 of the Debtor's Original Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Debtor's Original Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Debtor's Original Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Debtor's Original Complaint.

30. Defendants admit the allegations contained in paragraph 30 of the Debtor's Original Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Debtor's Original Complaint.

32. Defendants admit that they have an enforceable lien as documented in the September 5, 2013 note, but otherwise deny the allegations contained in paragraph 32 of the Debtor's Original Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Debtor's Original Complaint.

34. Defendants admit that they are the party in interest with respect to the September 2013 note, but deny that the Hoberman IRA or the Strata Trust maintained any interest in the note after May 8, 2015, and therefore deny the allegations in Paragraph 34 of Debtors Original Complaint.

35. Defendants admit the allegations contained in paragraph 35 of the Debtor's Original Complaint.

36. Defendants admit the allegations contained in paragraph 36 of the Debtor's Original Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Debtor's Original Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Debtor's Original Complaint.

39. Defendants admit the allegations contained in paragraph 39 of the Debtor's Original Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Debtor's Original Complaint. Defendants specifically requested, and were granted leave to foreclose against the real estate by the Probate Court in a case where Plaintiff was a party and the issue of the validity of the liens held by Defendants was an issue. See Cause No. C-1-PB-19-002179 in Probate Court No. 1 of Travis County, Texas.

41. Defendants admit the allegations contained in paragraph 41 of the Debtor's Original Complaint related to the filing of the bankruptcy case by 4709 Inc., but is without sufficient information to admit or deny when the referenced Deed was actually given to the Debtor.

42. Defendants admit the allegations contained in paragraph 42 of the Debtor's Original Complaint.

43. Defendants admits that John Hoberman participated in the bankruptcy by filing a proof of claim but otherwise denies the allegations contained in paragraph 43 of the Debtor's Original Complaint.

44. Defendants admit the allegations contained in paragraph 44 of the Debtor's Original Complaint.

45. Defendants admits the allegations contained in paragraph 45 of the Debtor's Original Complaint.

46. Defendants admit the allegations contained in paragraph 46 of the Debtor's Original Complaint.

5

47. Defendants admit the allegations contained in paragraph 47 of the Debtor's Original Complaint to the extent that a deed would transfer the real estate to Defendants. However, the Plan does not specify that a deed would be delivered to effectuate such transfer.

48. Paragraph 48 is a statement of law which Defendants need not admit or deny. To the extent of any factual allegations, Defendants deny the allegations contained in paragraph 48 of the Debtor's Original Complaint in that there are no provisions in the Plan that provide for enforcement upon default by Class 5.

49. Defendants deny the allegations contained in paragraph 49 of the Debtor's Original Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Debtor's Original Complaint.

51. Defendants admit the allegations contained in paragraph 51 of the Debtor's Original Complaint.

52. Paragraph 52 contains statements of law which Defendants need not admit or deny. To the extent of any factual allegations, Defendants deny the allegations contained in paragraph 52 of the Debtor's Original Complaint since the Plan required the conveyance of the real estate in satisfaction of the liens, which did not occur.

53. Defendants admit the allegations contained in paragraph 53 of the Debtor's Original Complaint to the extent that the Plan does not specifically state that liens would be retained, but contemplates that the Cameron Road Property would be conveyed in satisfaction of liens, which did not occur.

54. Defendants admit the allegations contained in paragraph 54 of the Debtor's Original Complaint.

55. Defendants are without sufficient information to admit or deny the allegations in paragraph 55.

56. Defendants admit and deny the allegations contained in paragraph 56 of the Debtor's Original Complaint in conformity with their prior answers.

57. Defendants deny the allegations contained in paragraph 57 of the Debtor's Original Complaint.

58. Without admitting the Deed was effective or authorized, Defendants are without sufficient information to admit or deny the allegations in paragraph 58 of the Complaint.

59. Defendants admit that they have an enforceable lien on the subject property but otherwise deny the allegations contained in paragraph 59 of the Debtor's Original Complaint.

60. Paragraph 60 contains statements of legal conclusion that need not be admitted or denied. To the extent of any factual allegations, Defendants admit that they have facially valid liens on the subject property but otherwise deny the allegations contained in paragraph 60 of the Debtor's Original Complaint.

61. Paragraph 61 contains statements of legal contentions that need not be admitted or denied. To the extent of any factual allegations, Defendants deny the allegations contained in paragraph 61 of the Debtor's Original Complaint and deny that Plaintiff is entitled to the relief stated.

62. Paragraph 62 contains statements of legal contentions that need not be admitted or denied. To the extent of any factual allegations, Defendants admit that both they and Pride of Austin filed proofs of claim and participated in the 2014 4709 bankruptcy case, but otherwise deny the allegations contained in paragraph 62 of the Debtor's Original Complaint or that Plaintiff is entitled to the relief requested.

63. Paragraph 63 contains legal conclusions that need not be admitted or denied. To the extent of any factual allegations, Defendants deny the allegations contained in paragraph 63 of the Debtor's Original Complaint and deny that Plaintiff is entitled to the relief stated.

64. Paragraph 64 contains a request for relief that need not be admitted or denied. To the extent of any factual allegations, Defendants deny the allegations contained in paragraph 64 of the Debtor's Original Complaint and deny that Plaintiff is entitled to the relief requested.

65. Defendants admit and deny the allegations contained in paragraph 65 of the Debtor's Original Complaint consistent with their prior answers to the paragraphs incorporated.

66. Defendants admit that the POA note was executed by 4709. Defendants deny the allegations contained in paragraph 66 of the Debtor's Original Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Debtor's Original Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Debtor's Original Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Debtor's Original Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Debtor's Original Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Debtor's Original Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Debtor's Original Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Debtor's Original Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Debtor's Original Complaint.

**Affirmative Defenses**

75. By way of affirmative defense, Defendants would show that there exist currently pending, in Travis County Probate Court, and recently removed to this court, an action relating to the enforceability of Defendants' liens and ability of Defendants to foreclose on said property.

76. Suit was filed and Defendant was joined and made an appearance on March 6, 2020.

77. The Travis County Probate Court, over Debtor's objection, has adjudicated Defendant(s)' right to foreclose and issued an order in that respect. In fact, Debtor's bankruptcy was filed with the intent to avoid the permitted foreclosure.

78. Under Texas law, any claim, defense or challenge by debtor to the ability to enforce the lien were necessary and compulsory cross claims. TRCP 97.

79. Thus, Debtor's claims is barred by failing to assert a compulsory cross claim or counter claim, based estoppel, res judicata and collateral estoppel.

80. On two prior occasions, this Court has considered the dispute between Debtor, Debtor's principal, Anthony Sheridan and creditors relating to the right to title and claims arising out of the asset in question. On each occasion, this court has elected to abstain from considering the matter under the abstention doctrine. Thus, this court should abstain from considering this dispute and order that any rights and titles made subject of this suit be remanded for consideration before the Travis County Probate Court.

**Counter-claim**

81. This counter-claim is filed within thirty days of the claims being asserted by Debtor herein, and specifically relates to the occurrences, transactions and subject matter of the claims asserted by Debtor in Debtors' Complaint, thus, pursuant to 16.004, 16.035, and 16.069 and every other applicable provision of the Texas Civil Practice and Remedies Code, is filed within the applicable statute of limitations.

82. On June 12, 2012 and September 13, 2013, Defendant(s) entered into loan agreements secured through deeds of trust on the Cameron Road Property.

83. On February 13, 2015, Defendant was assigned the note and deed of trust from a loan obtained from Pride of Austin.

84. Anthony Sheridan, who is an officer of Debtor and also served as an officer of 4709, Inc. Debtor's alleged predecessor interest participated in the events leading to the February 13, 2015 assignment of the Pride of Austin note and deed of trust.

85. On December 3, 2017, Anthony Sheridan who then served as both a fiduciary of 4709, Inc. and as an officer of Debtor entered into a written and signed Management and Financial Agreement which, among other things, agreed that to prevent foreclosure or to force transfer of deed in lieu foreclosure, that Anthony Sheridan would manage 4709,

Inc., restore 4709, Inc.'s financial integrity, maintain clear and transparent financial records for the benefit of 4709, Inc.'s principal and John Hoberman, to a moratorium period on the debt to Defendants and that any delayed or forestalled payments would be added to the original principal balances of John Hoberman's note.

86. While the December 3, 2017 agreement referenced Mamalama, Defendants were the true party in interest.

87. On January 9, 2018, Anthony Sheridan who at that time was an officer and vice principal of both 4709, Inc., and Debtor, transferred 4709, Inc.'s interest to Debtor, subject to Defendants interest.

88. The transfer deed provided:

"But it is expressly agreed that the VENDOR"S LIEN, as well as the Superior Title in and to the above described premises, is retained against the above described property, premises and improvements until the above described note and all interests thereon is fully paid according to the face, tenor, effect and reading thereof, when this deed shall become absolute."

89. In consideration of the transfer, Debtor's predecessor in interest, and then Debtor agreed that Debtor would assume the obligations owed to Defendants. Debtor made payments on obligations secured by the Cameron Property, based on the notes and deeds of trust through December 1, 2019, after which Debtor, and its predecessor in interest, both of which have common management have breached the obligation to continue to make payments and are now in default.

90. The deed of trust in question, in favor of Defendants provides:

> This conveyance is made in trust also to secure payment of all other present and future debts that Grantor may owe to Lender, regardless of how any other such

11

debt is incurred or evidenced. This conveyance is also made to secure payment of any renewal or extension of any present of future debt that Grantor owes lender, including any loan and advancements from lender to Grantor under the provisions of this deed of trust. When Grantor repays all debts owed to lender, this deed-of-trust lien will terminate only if lender releases this deed of trust at the request of Grantor. Until lender releases it, this deed of trust will remain fully in effect to secure present and future advances and debts regardless of any additional security given for any debt and regardless of any modifications. Grantor is not entitled to any partial releases of this deed-of-trust without the express, written consent of Lender.

91. The amount due and currently outstanding on the loans is no less than $2,268.241.64.

92. While Hoberman contends that the dismissal of the 4709, Inc. bankruptcy referenced in the Debtor's complaint returned the parties to their pre-petition status, to the extent Debtor seeks to avail itself of the confirmation of the 2nd Amended Reorganization Plan, that same plan divested 4709 Incorporated of interest in the land, with the exception of a potential leasehold. The plan specifically provided:

6.05.01 Ownership of the Property shall be transferred and the leases in the Property (as described below in Article VIII) shall be assumed by the Debtor and assigned to Hoberman and/or his designated assignee(s) on the Effective Date, but effective as of February 2, 2015, by a deed-in-lieu of foreclosure.

### Causes of action

93. Should this court choose to exercise jurisdiction in this matter, than Defendant respectfully assert the following cause of action:

94. Declaratory judgment: A declaration that the defendants debt is valid, enforceable, fully secured and due.

95. Breach of contract and enforcement of deed of trust(s) in favor of Defendants, subject to this Court's lift of stay.

96. In the unlikely event that this court views that the 2nd Amended Reorganization Plan of 4709, Inc. constitutes and enforceable contract or agreement, than an order compelling

conveyance to Defendants effective February 2, 2015, or alternatively judgment that title vested in favor of Defendants exclusive to the rights of Debtor or its predecessor in interest effective February 2, 2015.

**FOR THE ABOVE REASONS,** Defendant respectfully prays that:

A. The case be dismissed

B. Debtor take nothing from them by way of this action;

C. Judgment declaratory the validity and enforceability of their debt, deed of trust and security interests, or that title is vested in Defendants in the property effective February 2, 2015.

D. Judgment for their outstanding debt, attorney fees and costs; and

D. Such other and further relief to which this Defendant may be entitled.

Respectfully submitted,

BURNS ANDERSON JURY & BRENNER, L.L.P.
P.O. Box 26300
Austin, Texas 78755-0300
512-338-5322
512-338-5363 telecopier

By: /s/ David Brenner

David Brenner
State Bar No. 02958020
dbrenner@bajb.com

Attorneys for John and Susan Hoberman

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Hoberman's Answer to Debtor's Original Complaint has been filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record

_____
David Brenner