## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CCS ASSET MANAGEMENT, INC. | ) | Case No. 21-10355-tmd |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| CCS ASSET MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 21-01030-tmd |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN HOBERMAN, SUSAN HOBERMAN, | ) | |
| and STRATA TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CCS ASSET MANAGEMENT LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT QUIETING TITLE

CCS Asset Management, Inc., as debtor and debtor-in-possession in the above captioned bankruptcy case (the "<u>Debtor</u>" or the "<u>Plaintiff</u>"), hereby moves for partial summary judgment on its quiet title action regarding the validity of the liens against and claim of title in the Cameron Road Property asserted by John and Susan Hoberman (collectively, "<u>Hoberman</u>") and dismissing Hoberman's counterclaims for enforcement of the related deeds of trust and judgment for title in the Cameron Road Property.

### SUMMARY OF ARGUMENT[1]

1.       The Debtor seeks to quiet title with respect to the asserted liens and other interests in the Cameron Road Property asserted by Hoberman. Hoberman has counterclaimed, among other

---

[1] Capitalized terms used but not defined in this Summary have the meanings ascribed to such terms elsewhere in this motion.

causes of action, to enforce the deeds of trust related to the disputed liens and for judgment that Hoberman has title in the Cameron Road Property—the exact actions forming the cloud on the Debtor's title.

2.      There is no genuine dispute of material fact with respect to the invalidity of Hoberman's liens as to the Debtor's bankruptcy estate. The undisputed facts show that Hoberman and his predecessor under the POA Note participated in 4709 Incorporated's bankruptcy case. The 4709 Plan dealt with the Cameron Road Property and did not provide that Hoberman's liens would be retained. Under Bankruptcy Code § 1141(d) and section 9.01 of the 4709 Plan, the liens were eliminated on the effective date of the 4709 Plan.

3.      But even if Hoberman's liens survived to secure 4709 Incorporated's obligation to deliver Hoberman a deed-in-lieu of foreclosure—as required by section 6.05.01 of the 4709 Plan— they are now void with respect to the Debtor as debtor-in-possession pursuant to Tex. Civ. Prac. & Rem. Code § 16.035. Under Texas law, a lien becomes void four years after the cause of action arises. Tex. Civ. Prac. & Rem. Code § 16.035(d) provides:

> The running of the statute of limitations is not suspended against a bona fide purchaser for value . . . who has no notice or knowledge of the suspension of the limitations period and who acquires an interest in the property when a cause of action on an outstanding real property lien has accrued for more than four years, _**except**_ as provided by:
>
> (1) Section 16.062, providing for suspension in the event of death; or
>
> (2) Section 16.036, providing for recorded extension of real property liens.

(emphasis added). Because the Debtor has the rights and powers of a bona fide purchaser of the Cameron Road Property under Bankruptcy Code § 544(a)(3), the _only way_ for Hoberman to overcome this hurdle is to prove that Hoberman and 4709 Incorporated executed a written

extension agreement that was signed and acknowledged by 4709 Incorporated and recorded in the Travis County Clerk's office prior to the Petition Date. The undisputed evidence shows that no such renewal or extension agreement exists. The liens are void.

4.　　Further, there is no genuine dispute that any conveyance of the Cameron Road Property under the 4709 Plan was ___not___ recorded in the Travis County real property records. Under Tex. Prop. Code § 13.001(b), a conveyance in real property is void as to a creditor or a subsequent purchaser for value without notice unless the instrument of conveyance has been acknowledged, sworn to, or proved and filed for record as required by law. Under Bankruptcy Code § 544(a), the Debtor, as debtor-in-possession, has the rights and powers of a bona fide purchaser of the Cameron Road Property and a creditor. Therefore, any title Hoberman might have obtained through the 4709 Plan is void vis-à-vis the Debtor as debtor-in-possession.

5.　　Hoberman's affirmative defenses to the Debtor's quiet title action all fail as a matter of law. There is no such thing as a compulsory crossclaim under Texas law. Nor is there any basis to estop the Debtor standing in the shoes of a bona fide purchaser under Bankruptcy Code § 544(a)(3). And the Travis County Probate Court's order allowing Hoberman to pursue whatever rights Hoberman had to nonjudicial foreclosure does not preclude the actual determination of those claims rights in this Adversary Proceeding.

6.　　Ultimately, the Debtor believes that it would be successful even absent the operation of Bankruptcy Code § 544(a)(3). But applying Bankruptcy Code § 544(a)(3) removes any ginned-up dispute of material fact with respect to the relief sought in this motion and expedites administration of the Debtor's bankruptcy estate.

## **BACKGROUND**

### A. The Bankruptcy Case

7.      The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 3, 2021 (the "Petition Date").

8.      The Debtor is managing the assets of the bankruptcy estate as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Court has not appointed any trustee, examiner, or official committee in this case.

**B. Adversary Proceeding 21-01030-tmd**

9.      On July 6, 2021, the Debtor filed a complaint [Adv. Dkt. No. 1] (the "Complaint") initiating the above-captioned adversary proceeding (the "Adversary Proceeding"), asserting an action to quiet title determining the validity of Hoberman's asserted liens and interests in the Cameron Road Property and declaratory judgment with respect to related notes.

10.     Hoberman filed a pleading answering the Debtor's Complaint and asserting counterclaims on August 11, 2021 [Adv. Dkt. No. 5] (the "Hoberman Answer"). A true and correct copy of the Hoberman Answer is attached hereto as Exhibit 1.

11.     The Debtor filed its answer to Hoberman's counterclaims on August 18, 2021.

## UNDISPUTED FACTS

**A. Facts Admitted by Hoberman**

12.     Hoberman does not dispute many of the Debtor's allegations in the Complaint. As reflected in Exhibit 2 hereto—in which the green highlighted portions indicate admitted allegations, yellow highlighted portions indicate allegations with respect to which Hoberman lacks information or knowledge, and red highlighted portions indicate denied allegations—Hoberman admits that the following exhibits to the Complaint (attached as Exhibit 3 through Exhibit 13, hereto) are true and correct copies of the documents indicated:[2]

---

[2] The only exhibit to the Complaint that Hoberman did not admit was a true and correct copy of the document alleged in the Complaint was Exhibit I thereto.

    i.    Exhibit A to the Complaint—Cameron Road Deed—Hoberman Answer ¶ 13.

    ii.    Exhibit B to the Complaint—POA Note—Hoberman Answer ¶ 16.

    iii.    Exhibit C to the Complaint—POA Deed of Trust—Hoberman Answer ¶ 17.

    iv.    Exhibit D to the Complaint—January 2012 POA Extension Agreement—Hoberman Answer ¶ 18.

    v.    Exhibit E to the Complaint—January 2013 POA Extension Agreement—Hoberman Answer ¶ 19.

    vi.    Exhibit F to the Complaint—POA Transfer—Hoberman Answer ¶ 20.

    vii.    Exhibit G to the Complaint—June 2012 Note—Hoberman Answer ¶ 26.

    viii.    Exhibit H to the Complaint—June 2012 Note Deed of Trust—Hoberman Answer ¶ 27.

    ix.    Exhibit J to the Complaint—September 2013 Note—Hoberman Answer ¶ 35.

    x.    Exhibit K to the Complaint—September 2013 Note Deed of Trust—Hoberman Answer ¶ 36.

    xi.    Exhibit L to the Complaint—Order Confirming 4709 Plan—Hoberman Answer ¶ 46.

13.    Additionally, Hoberman admits that (a) the maturity date of the POA Note, as extended, was January 1, 2014, Hoberman Answer ¶ 23; (b) the maturity date of the June 2012 Note was June 5, 2014, Hoberman Answer ¶ 30; (c) the maturity date of the September 2013 Note was September 5, 2016, Hoberman Answer ¶ 39; (d) both Pride of Austin and John Hoberman filed proofs of claim in 4709 Incorporated's 2014 bankruptcy case (the "2014 Bankruptcy Case"), Hoberman Answer ¶ 62; and (e) the 4709 Plan became effective on December 8, 2015, Hoberman Answer ¶ 45.

**B. Facts of Which the Debtor Requests the Court Take Judicial Notice.**

14.    The Debtor requests that the Court take judicial notice of the following facts under Rule 201 of the Federal Rules of Evidence and the decisions, pleadings, and filings in matters before this Court:

    i.     More than 4 years has elapsed since (a) January 1, 2014 (maturity date of the POA Note); (b) June 5, 2014 (maturity date of the June 2012 note); (c) September 5, 2016 (maturity date of the September 2013 Note), and (d) December 8, 2015 (effective date of the 4709 Plan);

    ii.    The 4709 Incorporated Confirmation Order attached hereto as <u>Exhibit 13</u>;

    iii.   Proofs of Claim Nos. 8, 10, and 11, in 4709 Incorporated's chapter 11 bankruptcy Case, Case No. 14-10340-tmd, attached hereto as <u>Exhibit 14</u>, <u>Exhibit 15</u>, and <u>Exhibit 16</u>, respectively;

    iv.   The admissions of Hoberman reflected in the Hoberman Answer, a copy of which is attached hereto as <u>Exhibit 1</u>.

    v.    Notice of Removal in *Cash v. Sheridan et al.*, Adv. No. 21-01034-tmd [Adv. Dkt. No. 1], a copy of which is attached hereto as <u>Exhibit 17</u>.

    vi.   Order Dismissing Case in *In re 4709 Incorporated*, Case No. 14-10340-tmd [Dkt. No. 188], a copy of which is attached hereto as <u>Exhibit 18</u>.

**C. Facts About Which There is No Genuine Dispute.**

    *i.*     *Facts Relevant to the Validity of Hoberman's Asserted Liens*

15.    As indicated in the Declaration of Anthony Sheridan, attached hereto as <u>Exhibit 19</u> (the "Sheridan Declaration"): (a) Hoberman had not initiated a suit for judicial foreclosure of the Cameron Road Property prior to the Petition Date, see Sheridan Declaration ¶ 11; and (b) neither Hoberman nor the trustees under the POA Note Deed of Trust, June 2012 Note Deed of Trust, or the September 2013 Deed of Trust had effectuated a sale of the Cameron Road Property pursuant to those deed of trust, *id. at* ¶ 12.

16.    As indicated in the Declaration of Robert Shannon, attached hereto as <u>Exhibit 20</u> (the "Shannon Declaration"), no extension of the maturity dates of the POA Note, June 2012 Note, or September 2013 Note beyond the dates indicated in paragraph 13 *supra* is reflected in the real property records of Travis County. *See* Shannon Declaration ¶¶ 5-10.

17.    Under Tex. Civ. Prac. & Rem. Code § 16.036(d), "[t]he maturity date stated in the original instrument or in the date of the recorded renewal and extension is conclusive evidence of

the maturity date of the debt or obligation." As reflected in the January 2013 POA Extension Agreement (Ex. 7), the maturity date for the POA Note (Ex. 4) is conclusively established to be January 1, 2014. As reflected in the recorded June 2012 Note Deed of Trust (Ex.10), the maturity date for the June 2012 Note is conclusively established to be June 5, 2014. As reflected in the September 2013 Note Deed of Trust (Ex. 12), the maturity date for the September 2013 Note is conclusively established to be September 5, 2016.

18.     It is undisputed that Hoberman is alive. Sheridan Declaration ¶ 13. Therefore, the exclusive way for Hoberman to establish a different maturity date for the POA Note, June 2012 Note, or September 2013 Note with respect to the Debtor, as debtor-in-possession, is to provide evidence of a recorded renewal and extension agreement that complies with Tex. Civ. Prac. & Rem. Code § 16.036(b). *See* Tex. Civ. Prac. & Rem. Code § 16.035(c) and § 16.037. But no such recorded renewal and extension agreement exists. *See* Shannon Declaration ¶¶ 5-10.

   ii.     *Facts Relevant to Hoberman's Asserted Title in the Cameron Road Property.*

19.     The real property records of Travis County do not reflect any conveyance of the Cameron Road Property from 4709 Incorporated to Hoberman. Shannon Declaration ¶ 11. Nor do the real property records of Travis County even contain reference to the 4709 Plan. *Id.* at ¶ 12.

   iii.    *The Claims, Issues, and Essential Facts regarding Hoberman's Motion for Leave to Pursue Nonjudicial Foreclosure before the Probate Court*

20.     A copy of Hoberman's motion for leave to foreclose is attached hereto as <u>Exhibit 21</u>. A copy of the Probate Court's order is attached hereto as <u>Exhibit 22</u>. These documents, along with applicable law, reflect the claims, issues, and essential facts at issue.

## **ARGUMENT**

### A. **Standard for Summary Judgment**

21.     Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this

adversary proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, a party

may move for summary judgment, identifying each claim or defense—or the part of each claim or

defense—on which summary judgment is sought. "The court shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may file a summary judgment motion

***at any time*** until 30 days before the initial date set for an evidentiary hearing on any issue for

which summary judgment is sought. Fed. R. Bankr. P. 7056 (emphasis added).

22.     The purpose of summary judgment is to isolate and dispose of factually insufficient

claims or defenses. *Hutchison v. Brookshire Bros.*, 284 F. Supp. 2d 459, 465 (E.D. Tex. 2003)

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "Once

the movant has carried its summary judgment burden, the burden shifts to the non-movant to

establish a genuine dispute of material fact." *Garza v. Walmart Stores Texas, LLC*, No. SA:19-

CV-0252-JKP, 2021 WL 736261, at *2 (W.D. Tex. Feb. 25, 2021). Under this shifting burden, the

non-movant "'must do more than simply show that there is some metaphysical doubt as to the

material facts." *Id.* (quoting *Matsushita*, 475 U.S. at 586). Mere assertions do not cut it. *See id.*

**B.  The Debtor Is Entitled to Summary Judgment with Respect to Its Quiet Title Action Because Hoberman's Asserted Liens Are Invalid Vis-à-vis the Debtor as Debtor-in-Possession.**

23.     The elements of a quiet title action are: "(1) the plaintiff has an interest in a specific

property, (2) title to the property is affected by a claim by the defendant, and (3) the defendant's

claim, though facially valid, is invalid or unenforceable." *Heredia v. Zimprich*, 559 S.W.3d 223,

233 (Tex. App.—El Paso 2018). A judgment declaring a lien invalid is an appropriate means to

quiet title. *Sw. Guar. Tr. Co. v. Hardy Rd. 13.4 Joint Venture*, 981 S.W.2d 951, 957 (Tex. App.—

Houston [1st Dist.] 1998) (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 903, 905 (Tex. 1983)). The

action is "quasi in rem" determining the rights of the defendant in respect to particular property.

*Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951).

>     i.     *The Undisputed Facts Show that the Debtor has an Interest in the Cameron Road Property, Hoberman's Asserted Liens and Claims to Title to the Cameron Road Property are Clouds on the Title, and but for the 4709 Incorporated Plan and/or Tex. Civ. Prac. & Rem. Code § 16.035, are Facially Valid.*

24.     Hoberman admits that the Cameron Road Deed, attached hereto as <u>Exhibit 3</u> (Exhibit A to the Complaint), is a true and correct copy of the deed recorded in the Travis County real property records. Hoberman Answer ¶ 13. Although Arletha Cash baselessly seeks to have the deed set aside, no court has entered an order canceling or setting aside the deed. *See* Sheridan Declaration ¶ 6. As a matter of black letter Texas law, deeds obtained by fraud—as alleged by Arletha Cash—remain effective until set aside. *Heredia v. Zimprich*, 559 S.W.3d 223, 232 (Tex. App.—El Paso 2018) (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976). Therefore, there is no genuine dispute that the Debtor, as debtor-in-possession, has an interest in the Cameron Road Property.

25.     The liens and claims asserted by Hoberman are clearly a cloud on the Debtor's title. Indeed, the very counterclaims asserted by Hoberman in this Adversary Proceeding demonstrate that. Moreover, as the bases on which the Debtor asserts that Hoberman's liens and interests are void and unenforceable are in the nature of affirmative defenses to Hoberman's liens and interests, the liens are facially valid, even though the invalidity is conclusively established by recorded documents (and the lack thereof). Also, Hoberman has admitted that his liens are facially valid. *See* Hoberman Answer ¶ 60. Therefore, there is no genuine dispute that that Hoberman's asserted liens and claims to title are clouds on the Debtor's interest in the Cameron Road Property.

>     ii.     *The Undisputed Facts Establish that the Liens Hoberman Seeks to Foreclose Upon are Void with respect to the Debtor as Debtor-in-Possession by Operation of Tex. Civ. Prac. & Rem. Code § 16.035 and Bankruptcy Code § 544(a)(3).*

26.     Under Tex. Civ. Prac. & Rem. Code § 16.035(a), "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b) provides that "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." And under Tex. Civ. Prac. & Rem. Code § 16.035(d), "[o]n the expiration of the four-year limitations period, the real property lien and power of sale to enforce the real property lien become ***void***." (emphasis added).

27.     Under Bankruptcy Code § 544(a)(3) the Debtor, as debtor-in-possession with the powers of a trustee, has:

> [W]ithout regarding to any knowledge of the [Debtor] or of any creditor, the rights and powers of . . . a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

*See also In re Hamilton*, 125 F.3d 292, 298 (5th Cir. 1997) ("While the Bankruptcy Code creates the status of a hypothetical bona fide purchaser, state law defines that status . . . Under Texas law, a bona fide purchaser is one who acquires (apparent) legal title to property in good faith for a valuable consideration without notice of an infirmity in the title.") (internal quotation marks omitted) (quoting *Williams v. Jennings*, 755 S.W.2d 874, 881 (Tex.App.—Houston [14th Dist.] 1988, writ denied)) (citing various cases).

28.     Tex. Civ. Prac. & Rem. Code § 16.035(c) provides that:

> The running of the statute of limitations is not suspended against a bona fide purchaser for value . . . who has no notice or knowledge of the suspension of the limitations period and who acquires an interest in the property when a cause of action on an outstanding real property lien has accrued for more than four years ***except by***:

> (1) Section 16.062, providing for suspension in the event of death; or
>
> (2) Section 16.036, providing for recorded extensions of real property liens.

(emphasis added). This is echoed by Tex. Civ. Prac. & Rem. Code § 16.037 (providing that any extension agreement is void as to such bona fide purchasers who deals with real property before the agreement is acknowledged, filed, and recorded).

29.     The requirements for an extension agreement are contained in Tex. Civ. Prac. & Rem. Code § 16.036. The extension agreement must (a) be in writing and signed and acknowledged as provided by law for a deed conveying real property; and (b) filed for record in the county clerk's office of the county where the real property is located. Tex. Civ. Prac. & Rem. Code § 16.036(a) & (b). Further, "[t]he maturity date stated in the original instrument or in the date of the recorded renewal and extension is ___conclusive evidence___ of the maturity date of the debt or obligation." Tex. Civ. Prac. & Rem. Code § 16.036(d) (emphasis added).

30.     There is no genuine dispute that the maturity date of the POA Note was January 1, 2014. Hoberman admits that as extended, the maturity date for the POA Note secured by the POA Note Deed of Trust was January 1, 2014. Hoberman Answer ¶ 23. This is reflected in the January 2013 POA Extension Agreement (attached hereto as Exhibit 7) recorded in the Travis County real property records. Under Texas Tex. Civ. Prac. & Rem. Code § 16.036(d), the date reflected in the January 2013 POA Extension Agreement is conclusively established as maturity date of the POA Note. Thus, the real property lien and power of sale to enforce the real property lien securing the POA Note became void as to the Debtor, as debtor-in-possession, on ___January 1, 2018___, pursuant to Tex. Civ. Prac. & Rem. Code § 16.035(d).

31.     There is no genuine dispute that the maturity date of the June 2012 Note was June 5, 2014. Hoberman admits that the maturity date of the June 2012 Note, secured by the June 2012

Note Deed of Trust was June 5, 2014. Hoberman Answer ¶ 30. This is reflected in the June 2012 Note Deed of Trust (attached hereto as Exhibit 10) recorded in the Travis County real property records.  Under Texas Tex. Civ. Prac. & Rem. Code § 16.036(d), the date reflected in the 2012 Note Deed of Trust is conclusively established as maturity date of the 2012 Note. The real property lien and power of sale to enforce the real property lien securing the 2012 Note became void as to the Debtor, as debtor-in-possession, on ***June 5, 2018***, pursuant to Tex. Civ. Prac. & Rem. Code § 16.035(d).

32.     There is no genuine dispute that the maturity date of the September 2013 Note was September 5, 2013. Hoberman admits that the maturity date of the September 2013 Note, secured by the September 2013 Note Deed of Trust, was September 5, 2016. Hoberman Answer ¶ 39. This is reflected in the September 2013 Note Deed of Trust (attached hereto as Exhibit 12) recorded in the Travis County real property records.  Under Texas Tex. Civ. Prac. & Rem. Code § 16.036(d), the date reflected in the September 2013 Note Deed of Trust is conclusively established as maturity date of the September 2013 Note. As a matter of law, the real property lien and power of sale to enforce the real property lien securing the September 2013 Note became void on ***September 5, 2020***, pursuant to Tex. Civ. Prac. & Rem. Code § 16.035(d).

33.     Because the Debtor has the rights and powers of a bona fide purchaser of the Cameron Road Property on the Petition Date that has recorded the conveyance, the *only way* that Hoberman's liens could be effective against the Debtor is if Hoberman and 4709 Incorporated had executed a written extension agreement that was (a) signed and acknowledged by 4709 Incorporated; and (b) filed for record in the Travis County Clerk's office prior to the Petition Date. Tex. Civ. Prac. & Rem. Code § 16.035(c). No extension agreement recorded with the Travis County Clerk's real property records exists. *See* Shannon Declaration ¶¶ 5-10.

> iii.    *In the Alternative, the Undisputed Facts Establish that the Liens Hoberman Seeks to Foreclose Upon were Eliminated by the 4709 Plan.*

34.    In the alternative, the confirmation and effective date of the 4709 Plan terminated Hoberman's liens.

35.    Bankruptcy Code § 1141(c) states that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." Bankruptcy Code § 1141(d) provides in relevant part that "except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor. Section 9.01 of the 4709 Plan echoes this, stating that "[a]s of the Effective Date, the Reorganized Debtor shall be vested with all Property of the Estate, free and clear of all Liens, Claims and encumbrances except as expressly provided under the Plan."

36.    The 4709 Plan—incorporated in the 4709 Confirmation Order (attached hereto as Exhibit 13)—clearly dealt with the Cameron Road Property. Section 6.05.01 of the 4709 Plan provided that the Cameron Road Property would be "transferred . . . by a deed-in-lieu of foreclosure" to Hoberman. Hoberman admits that the 4709 Plan did not specifically state that Hoberman's liens would be retained. Hoberman Answer ¶ 53.

37.    Hoberman further admits that (a) "John Hoberman participated in the bankruptcy by filing a proof of claim[,]" *Hoberman Answer* ¶ 43, and (b) Pride of Austin filed a proof of claim, *id.* at ¶ 42. These claims were Claim No. 8 (for the POA Note), Claim No. 10 (for the June 2012 Note), and Claim No. 11 (for the September 2013 Note). (*See* Exhibits 14, 15, and 16 hereto respectively). Hoberman acquired the POA Note proof of claim and voted in favor of the 4709 Plan. *See* 4709 Confirmation Order ¶ 10 ("The late vote of Classes 5, 6, and 7 Claimants [i.e.,

Hoberman's claims] should be counted in those Classes, and each of those Classes has accepted

the Plan."). Whatever the participation requirement is in the Fifth Circuit for Bankruptcy Code §

1141(d) to be operative, Hoberman clearly met it in connection with the 4709 Incorporated

Bankruptcy Case.

38.     Although 4709 Incorporated's bankruptcy case was ultimately dismissed on

November 21, 2016, this did not invalidate the 4709 Plan or 4709 Incorporated's discharge. The

Court did not order that the confirmation order for the 4709 Plan be revoked under Bankruptcy

Code § 1144. (*See* Exhibit 18 hereto). Nor would such revocation have been appropriate. The basis

for revocation of a confirmation order can be granted "if and only if such order was procured by

fraud." 11 U.S.C. § 1144. Further, a party in interest must request such revocation within 180 days

from the confirmation order. *Id.*

39.     Courts that have considered whether dismissal of a chapter 11 pan revokes a

confirmed plan have consistently determined that it does not. *In re Space Bldg. Corp.*, 206 B.R.

269, 274 (D. Mass. 1996). As the U.S. Bankruptcy Court for the Northern District of Indiana

described in *In re Depew*:

> So long as the order of confirmation stands, it must have the effect given it by the
>
> Bankruptcy Code—binding both debtors and creditors to its terms and discharging
>
> debtors' pre-petition obligations. The post-confirmation dismissal of a Chapter 11
>
> does not affect the finality of the confirmation order or the discharge that goes with
>
> it. Both are effective "without regard to whether the debtor pays according to the
>
> plan or not." Thus, although this case will be dismissed, dismissal does not revoke
>
> debtors' discharge and their obligations to creditors, as set forth in the confirmed
>
> plan, remain unaltered.

115 B.R. 965, 967–68 (Bankr. N.D. Ind. 1989) (internal quotation marks and citations omitted) (citing cases).

> iv.    *Hoberman's Title is Void with Respect to the Debtor, as Debtor-in-Possession, Pursuant to Tex. Prop. Code § 13.001(a) and Bankruptcy Code § 544(a).*

40.    Under Bankruptcy Code § 544(a) the Debtor, as debtor-in-possession with the powers of a trustee, has:

> [A]s of the commencement of the case, and without regard to any knowledge of the [Debtor] or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a creditor that extends credit to the debtor at the time of the commencement of the case, [and] . . . a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

41.    Tex. Prop. Code § 13.001(a) provides that

> A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.

Although Tex. Prop. Code § 13.001(b) limits the application of this provision where a subsequent purchaser has notice of the instrument, Bankruptcy Code § 544(a) imputes the status of a bona fide purchaser without knowledge on the Debtor. *See In re Hamilton*, 125 F.3d 292, 298 (5th Cir. 1997) ("While the Bankruptcy Code creates the status of a hypothetical bona fide purchaser, state law defines that status . . . Under Texas law, a bona fide purchaser is one who acquires (apparent) legal title to property in good faith for a valuable consideration without notice of an infirmity in the title.") (internal quotation marks omitted) (quoting *Williams v. Jennings*, 755 S.W.2d 874, 881 (Tex.App.—Houston [14th Dist.] 1988, writ denied)) (citing various cases).

42.     The undisputed evidence shows that Hoberman had not recorded the 4709 Plan or any other instrument indicating the purported conveyance of the Cameron Road Property to Hoberman as of the Petition Date. *See* Shannon Declaration ¶¶ 11-12. Nor had Hoberman initiated a lawsuit for recovery of the Cameron Road Property. *See* Sheridan Declaration ¶ 11. Therefore, as a matter of law, any title that Hoberman might have obtained from the 4709 Plan is void as to the Debtor as debtor-in-possession.

### C.  Hoberman's Affirmative Defenses

43.     Hoberman asserts four affirmative defenses: (a) failure to assert a compulsory crossclaim against Hoberman in the Probate Litigation under Rule 97 of the Texas Rule of Civil Procedure, (b) estoppel, (c) res judicata, and (d) collateral estoppel. Each of these fail as a matter of law under the undisputed facts.

#### i.      *Compulsory Crossclaim or Counterclaim*

44.     The Hoberman Answer asserts that the Debtor was required to assert a compulsory crossclaim for the quiet title action against Hoberman in the Probate Litigation, citing Rule 97 of the Texas Rules of Civil Procedure. Hoberman Answer ¶ 78.

45.     Hoberman is mistaken. Rule 97(a) requires compulsory *counterclaims* against opposing parties. Rule 97(e) provides that crossclaims against co-parties are *optional*. As the Court can take judicial notice, both Hoberman and the Debtor are defendants in the Probate Litigation. (*See* Exhibit 17 hereto). Further, even for compulsory counterclaims, Rule 97 only requires a pleader to assert existing claims at the time of filing. The Debtor's rights and powers under Bankruptcy Code § 544(a)(3) of a hypothetical bona fide purchaser did not arise until the Petition Date.

#### ii.      *Estoppel*

46.     Whatever estoppel Hoberman wants to assert would not apply to the rights of a

hypothetical bona fide purchaser of the Cameron Road Property on the Petition Date, in whose shoes the Debtor stands under Bankruptcy Code § 544(a).

    *iii.*      *Res Judicata/Claim Preclusion*

    47.    Res judicata, or claim preclusion, bars re-litigating claims that either have been or should have been raised in an earlier suit. According to the Fifth Circuit, there are four elements for the doctrine to apply: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) same claim or cause of action was involved in both actions." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).

    48.    The Probate Court's order granting Hoberman leave to pursue a nonjudicial foreclosure—like an order lifting the automatic stay—was not a final judgment on the validity of Hoberman's liens. (*See* Exhibit 22 hereto). Nor were the same claims or causes of action involved. Hoberman was seeking leave to pursue his rights, whatever they might be, to nonjudicially foreclose on the Cameron Road Property. (*See* Exhibit 21). At the August 12, 2021, status hearing, Hoberman's counsel admitted that this was the issue before the Probate Court. This Adversary Proceeding involves actually determining those rights. Thus, this affirmative defense fails as a matter of law.

    *iv.*      *Collateral Estoppel*

    49.    Collateral estoppel, or issue preclusion, bars re-litigating particular issues addressed in a prior action. The elements of collateral estoppel under Texas law are:[3] "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) the facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries

---

[3] When applying collateral estoppel to state court judgments, the Fifth Circuit has directed that the issue preclusion rules of that state apply. *In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005).

in the first action." *Hammervold v. Blank*, 3 F.4th 803, 810 (5th Cir. 2021). Further, "collateral estoppel requires that the issue decided in the first action be identical to the issue in the pending action." *Id.*

50.     The issues decided in connection with Hoberman's motion for leave to foreclose were not identical to the issues in the instant action. Hoberman sought leave to exercise whatever rights he had in a non-judicial foreclosure. (*See* Exhibit 21 hereto). The Probate Court allowed Hoberman to do so. (*See* Exhibit 22 hereto). This Adversary Proceeding requires adjudicating whether Hoberman's asserted liens are valid and enforceable.

51.     Moreover, the facts essential to the Probate Court's decision were not the same facts essential to the decision here. The Probate Court's decision to allow Hoberman's nonjudicial foreclosure notwithstanding the appointment of the receiver were bound only by "the rules of equity[.]" *See* Tex. Civ. Prac. & Rem. Code § 64.004. The Probate Court was required only to exercise its discretion reasonably. *Cf. Salaymeh v. Plaza Centro, LLC*, 258 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist] 2008) (applying the abuse of discretion standard to a court's approval of the sale of property by a receiver). No particular facts were essential.

### D.  Hoberman's Counterclaim for Enforcement of the Deeds of Trust Should be Dismissed

   *i.*     *Hoberman's Liens are Not Valid Vis-à-vis the Debtor as Debtor-in-Possession, Which is an Essential Element for the Cause of Action.*

52.     Although courts have framed the elements of judicial foreclosure in different ways, "it is clear, at a minimum, to obtain a judgment for judicial foreclosure, there must be (1) a valid lien on real property securing a debt and (2) an uncured default under the terms of the debt and security instrument." *Sivertson v. Citibank, N.A. as Tr. for Registered Holders of WAMU Asset-Backed Certificates WAMU Series 2007-HE2 Tr.*, 2019 WL 2519222, at *12 n.9 (E.D. Tex. Apr. 22, 2019), report and recommendation adopted sub nom. *Sivertson v. Citibank, N.A. as Tr. for*

*Registered Holders of WAMU Asset-Backed Certificates WAMU Series*, 2019 WL 5091991 (E.D. Tex. Oct. 11, 2019).

53.     As indicated above, Hoberman's liens are void and unenforceable with respect to the Debtor's bankruptcy estate. Therefore, the Debtor is entitled to judgment as a matter of law on Hoberman's judicial foreclosure counterclaim in this action and it should be dismissed.

ii.     *The Limitations Period Has Expired with Respect to Hoberman's Judicial Foreclosure.*

54.     The statute of limitations to bring an action for judicial foreclosure expired four years after the maturity date reflected in the relevant deeds of trust. *See* Tex. Civ. Prac. & Rem. Code § 16.035. As described in detail above, the only way the limitations period could be extended with respect to the Debtor in light of Bankruptcy Code § 544(a)(3) and Tex. Civ. Prac. & Rem. Code 16.035(c) was through an extension agreement that complies with Tex. Civ. Prac. & Rem. Code 16.036. No such agreement exists. *See* Shannon Declaration ¶¶ 5-10.

55.     Hoberman attempts to get around this by citing Tex. Civ. Prac. & Rem. Code 16.069. *See* Hoberman Answer ¶ 81. However, Texas courts have held that section 16.069 does not apply when the plaintiff is seeking declaratory relief to determine the parties' respective rights. *See, e.g.*, *Holman St. Baptist Church v. Jefferson*, 317 S.W.3d 540, 545 (Tex. App. Houston [14th Dist.] 2010) ("Courts have interpreted section 16.069 as permitting a party's otherwise time-barred counterclaims or cross claims only when the opposing party has sought 'affirmative relief,' rather than just a declaration on a dispute between the parties.") (collecting cases); *Ball v. SBC Commc'ns, Inc.*, No. 04-02-00702-CV, 2003 WL 21467219, at *6 (Tex. App.—San Antonio 2003) ("We hold that section 16.069 of the Texas Civil Practice and Remedies Code does not revive or save claims brought by a party as counterclaims in a suit for declaratory judgment which alleges

that such claims are absolutely barred by limitations as a matter of law.").[4] The Debtor's quiet title action is in the nature of declaratory relief without any damages sought against Hoberman. *Cf. Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951) ("[A quiet title action] being against the person in respect of the res, wherein the decree does not extend beyond the property in controversy, . . . may be characterized as 'quasi in rem'").

### E. Hoberman's Counterclaim for Judgment for Title to the Cameron Road Property Should be Dismissed.

56.     Although mispleaded in the Hoberman Answer, the exclusive cause of action to determine title to real property in Texas, is a trespass to try title action. *Martin v. Amerman*, 133 S.W.3d 262, 264 (Tex. 2004). Hoberman is, in essence, asserting superior title from common source. This fails as a matter of law with respect to the Debtor, as debtor-in-possession, for two reasons.

57.     First, as indicated above, under the undisputed facts, Hoberman's title is void as to the Debtor as debtor-in-possession as a matter of law. Hoberman's unrecorded title is not superior to the title to the Debtor as debtor-in-possession of the Debtor's bankruptcy estate.

58.     Second, because the Debtor stands in the shoes of a bona fide purchaser of the Cameron Road Property from the Debtor under Bankruptcy Code § 544(a)(3) title is not from a

---

[4] To cut off Hoberman's likely forthcoming argument, the U.S. District Court for the Western District of Texas has been clear that whatever the right answer with respect to limitations for the claim, Tex. Civ. Prac. & Rem. Code §16.069 does ***not*** resurrect a lien made void by Tex. Civ. Prac. & Rem. Code § 16.035(c):

> A void lien is forever void. It is no more. It has ceased to be. Assuming Bitterroot's 2009–2013 timeline is correct, BONY's lien is bereft of life, and section 16.069 cannot raise it from the dead. A party cannot fail to foreclose on a lien, lose the lien, and then revive the lien by filing a counterclaim in a trespass to try title lawsuit. Such an interpretation of the effect of section 16.069 would allow virtually any party to revive a void lien, wreaking havoc on foreclosure proceedings throughout the State of Texas. There is no support for such an interpretation.

*Bitterroot Holdings, LLC v. Bank of New York Mellon*, No. 14-CV-804 (RCL), 2017 WL 10181041, at *12 (W.D. Tex. Aug. 4, 2017).

common source.

### **REQUEST FOR PARTIAL RELIEF**

59.     To the extent that the Court determines that the Debtor is entitled to summary judgment on some but not all of the claims, issues, or affirmative defenses for which summary judgment is requested herein, the Debtor requests summary judgment be entered with respect to any particular issues, claims, or affirmative defenses on which the Debtor is entitled.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor request that the Court enter an order, substantially in the form of the proposed order attached hereto, granting the Debtor partial summary judgment as requested, or any part thereof, and such other relief to which the Debtor is entitled.

Dated: August 18, 2021

**PARKINS LEE & RUBIO LLP**

*/s/ R. J. Shannon*
R.J. Shannon
TX Bar No. 24108062
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Email: rshannon@parkinslee.com
Phone: 713-715-1660

*Counsel to CCS Asset Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2021, the forgoing document was served on the following parties (a) through the Court's CM/ECF System if registered to receive such service and (b) by U.S.P.S. first class mail, postage prepaid and email on the following parties:

David Brenner
BURNS ANDERSON JURY & BRENNER, L.L.P.
P. O. Box 26300
Austin, Texas 78755-0300
dbrenner@bajb.com

*/s/R. J. Shannon*
R. J. Shannon