IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re:<br><br>CCS ASSET MANAGEMENT, INC.<br><br>Debtors. | )<br>)<br>) Case No. 21-10355-tmd<br>)<br>) Chapter 11<br>)<br>) |
| CCS ASSET MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN HOBERMAN, SUSAN HOBERMAN, and STRATA TRUST COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>) Adv. Pro. No. 21-01030-tmd<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING CCS ASSET MANAGEMENT LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT QUIETING TITLE**

This matter having come before this Court on Plaintiff CCS Asset Management LLC's Motion for Partial Summary Judgment Quieting Title (the "Motion"); this Court having reviewed the Motion, the response thereto, and the evidence before the Court; this Court having found that this is a core proceeding under 28 U.S.C. 157(b)(2)(K); this Court having found that it may enter

a final order consistent with Article III of the United States Constitution; this Court having found that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED, ADJUDGED, and DECREED THAT:

1. The Plaintiff's Motion is hereby GRANTED.

2. Summary judgment is granted in favor of the Debtor, as debtor in possession of the bankruptcy estate, on Count I of the Complaint seeking to quiet title to the Cameron Road Property[5] with respect to the liens and interests asserted by John Hoberman and Susan Hoberman (collectively, the "Hobermans") as follows:

    a. The Deed of Trust, Security Agreement, and Assignment of Rents (Document # 2011137642), Renewal and Extension Deed of Trust, Security Agreement, and Assignment of Rents (Document # 2012004604), and Modification and Extension Agreement (Document # 2013019734) and any liens related thereto against the Cameron Road Property are unenforceable and void with respect to the Debtor's bankruptcy estate.

    b. The Deed of Trust (Document # 2012173363) and any liens related thereto against the Cameron Road Property are unenforceable and void with respect to the Debtor's bankruptcy estate.

    c. The Deed of Trust (Document # 2013166967) and any liens related thereto against the Cameron Road Property are unenforceable and void with respect to the Debtor's bankruptcy estate.

---

[5] The Cameron Road Property is the real property located in Travis County, Texas, described as follows:

XX.

  d. Any title or right to title in the Cameron Road Property of the Hobermans is void with respect to the Debtor's bankruptcy estate.

  e. The Court makes no findings or rulings with respect to the validity of the Hobermans' liens or title in the Cameron Road Property with respect to any person or entity other than the Debtor's bankruptcy estate, including without limitation, the Debtor, other than as debtor-in-possession, 4709 Incorporated, or Arletha Cash, as executor of the probate estate of Selena Cash.

  3. Summary judgment is granted in favor of the Debtor, as debtor in possession, on the Hobermans counterclaim seeking to enforce the deeds of trust and judicial foreclosure of the Hobermans' asserted liens against the Cameron Road Property. Such counterclaim is hereby dismissed.

  4. Summary judgment is granted in favor of the Debtor, as debtor in possession, on the Hobermans' counterclaim for an order compelling conveyance of the Cameron Road Property to the Hobermans or, in the alternative, judgment that title vested in favor of the Hobermans effective February 2, 2015.

  5. This Court shall retain jurisdiction with respect to all matters arising form or relating to implementation of this Order.

### 

Order Submitted By:

R. J. Shannon
Parkin Lee & Rubio LLP
700 Milam Street, Suite 1300
Houston, Texas 77002
Email: rshannon@parkinslee.com
*Counsel to CCS Asset Management, Inc.*