**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 10, 2021**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-10355-TMD |
| CCS ASSET MANAGEMENT, INC., | § | CHAPTER 7 |
|     Debtor. | § | |

| | | |
|---|---|---|
| CCS ASSET MANAGEMENT, INC., | § | |
|     Plaintiff, | § | |
| | § | ADV. NO. 21-01030-TMD |
| v. | § | |
| | § | |
| JOHN HOBERMAN, et. al., | § | |
|     Defendants. | § | |

### ORDER DENYING CCS ASSET MANAGEMENT LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF. 9] AND ABSTAINING AND DISMISSING THIS ADVERSARY PROCEEDING

On August 8, 2021, Plaintiff, CCS Asset Management, Inc, filed a motion seeking partial summary judgment [ECF 9]. Since the motion was filed, the Court has held several status conferences regarding this adversary and the main case. During the last status conference, the Court informed the parties that it was abstaining from consideration of all issues raised in this adversary proceeding and in the summary

1

judgment motion except for the effect of the plan confirmed in the 4709 Incorporated bankruptcy on Defendant John Hoberman's liens. For the reasons stated below, the Court finds that CCS's request for a summary judgment that the 4709 Plan eliminated the Hoberman liens should be denied. The Court further finds that it should abstain from all other issues presented in this adversary proceeding and that this adversary proceeding should be dismissed.

In its motion, CCS argues that section 1141(d) of the Bankruptcy Code and section 9.01 of the 4709 Plan eliminated the Hoberman liens on the effective date. Section 1141(d) of the Bankruptcy Code states:

> (d)(1) **Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan**, the confirmation of a plan--
>     (A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not--
>         (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
>         (ii) such claim is allowed under section 502 of this title; or
>         (iii) the holder of such claim has accepted the plan; and
>     (B) terminates all rights and interests of equity security holders and general partners provided for by the plan.

Section 9.01 of the 4709 Plan states:

> 9.01 **Vesting of Property**. As of the Effective Date, the Reorganized Debtor shall be vested with all Property of the Estate, free and clear of all Liens, Claims and encumbrances **except as expressly provided under the Plan.** The transfer of the Property to Hoberman and/or his designated assignee(s) shall be free and clear of all Liens, Claims and encumbrances except those of the Class 3 Claimant for real property taxes secured by that Property. Property of the Estate that the Debtor retains shall include all claims or causes of action arising in favor of the Debtor, under the Bankruptcy Code or any other applicable law; provided, however, that if after Confirmation the Bankruptcy Case is converted to a case under Chapter 7 of the Bankruptcy Code and there is an uncured default by the Reorganized Debtor under the Plan, all of such property and claims shall revest in the Estate upon such conversion.

This discharge and free and clear language does not apply to Hoberman's claims and liens because the Plan "expressly provides otherwise" regarding Hoberman's claims and liens. Specifically, the 4709 Plan provides that:

> 6.05.01 Ownership of the Property shall be transferred and the leases in the Property (as described below in Article VIII) shall be assumed by the Debtor and assigned to Hoberman and/or his designated assignee(s) on the Effective Date, but effective as of February 2, 2015, by a deed-in-lieu of foreclosure.
>
> 6.05.02 On the Effective Date, as the new owner of the Property, Hoberman and/or his designated assignee(s) shall grant the Debtor, as the owner and operator of the Midtown Live Sports Café, a lease of Suite E in the Property, with a ten-year initial term with an option to renew for one five-year term, with triple net rent and other terms as set forth in detail in the form of the lease included in Exhibit "A" hereto (the "Lease").

But the documents that were supposed to be executed to implement the Plan regarding the Hoberman liens—the deed-in-lieu and the lease back—were never executed. Fortunately, the Plan also tells us what to do under these circumstances. Section 12.01 of the Plan expressly provides that: "**In the absence of documents executed to implement the Plan, it may be enforced as a contract.**" And so Hoberman or 4709 may enforce the Plan as a contract.

Hoberman argues that 4709 breached the contract by transferring the Cameron Road property to CCS, instead of assigning it to Hoberman as required by section 6.05.01 of the Plan. Perhaps. Perhaps not. In any event, these breach of contract issues can be addressed by the probate court applying state law.

ACCORDINGLY, IT IS ORDERED that CCS Asset Management, LLC's Motion for Partial Summary Judgment Quieting Title [ECF 9] is denied to the extent stated above.

4

IT IS FURTHER ORDERED that the Court abstains from further consideration of the issues raised in this adversary proceeding and that the adversary proceeding is dismissed.

# # #